# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:09cv54-1
### 3:07cr96-2-C

| | | |
|---|---|---|
| JORGE LUIS JIMINEZ-SALINAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1).

## I. PROCEDURAL HISTORY

On April 25, 2007, Petitioner was one of two individuals named in a two-count Bill of Indictment charging him with conspiracy to possess with intent to distribute, and possession with intent to distribute, at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Case No. 3:07cr96, Doc. No. 1). On September 18, 2007, the parties filed a plea agreement with the Court. (Case No. 3:07cr96, Doc. No. 26). That same day, Petitioner entered a plea of guilty to Count One[1] of the Indictment at his Rule 11 hearing. (Case No. 3:07cr96, Doc. No. 27: Acceptance of Guilty Plea). On May 13, 2008, the Government filed a Motion for a Downward Departure under U.S.S.G. § 5K1.1 requesting that Petitioner be sentenced at a total offense level of 26. (Case No. 3:07cr96, Doc. No. 35). On May 14, 2008, after granting the Government's motion for downward departure, the Court sentenced Petitioner to 66 months' imprisonment and three

---

[1] Pursuant to the terms of Petitioner's plea agreement, Count Two of the Indictment was dismissed. (Case No. 3:07cr96, Doc. No. 37: Judgment).

years' supervised release. Judgment was entered on May 27, 2008. (Case No. 3:07cr96, Doc. No. 37).

On February 13, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). In his Motion to Vacate Petitioner alleges that he received ineffective assistance of counsel. Specifically, Petitioner alleges that his counsel was ineffective for failing to move for a reduction in offense level based upon his minor[2] role in the crime.

## II. DISCUSSION

### A. Initial Review Authority

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the district court must direct the government to respond. Id. However, the district court may summarily deny and dismiss a petitioner's motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." Id. Following this directive, the Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to habeas relief.

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was

---

[2] Petitioner describes himself as both a "minor" and "minimal" participant throughout his memorandum of law in support of his claim. As it entails a more lenient standard of review, the Court has only analyzed Petitioner's claim that he was a minor participant. Because the Court concludes that Petitioner was not a minor participant, it follows *a fortiori* that he was not a minimal participant.

prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. As movant, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To meet this burden, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Because Petitioner's claim of ineffective assistance attempts to challenge issues addressed at his sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Here, Petitioner asserts that his counsel was ineffective for failing to "ask the court for a minimum role or a mule status in the offense." (Doc. No. 1). More specifically, Petitioner alleges that the evidence demonstrates that he was merely a "poor man in Mexico with [a] heavy family burden and the destructive habit of personal drug use and gambling, [and he] accepted the offer to drive the car from a certain location to another in the U.S." (Doc. No. 1 at 16 & 18).

Pursuant to § 3B1.2 of the United States Sentencing Guidelines, if a defendant was only a minor participant in the criminal activity for which he is charged, his offense level should be decreased by two. A "minor participant" is defined in the application notes to § 3B1.2 as "a

defendant . . . who is less culpable than most participants[.]" U.S.S.G. § 3B1.2, app. note 5. Although a defendant whose role was limited to transporting or storing drugs may sometimes qualify for a reduction, see id., app. note 3(A), "[t]he critical inquiry is not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks omitted).

In the instant case, Petitioner pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine. In his plea agreement, however, Petitioner stipulated that the conspiracy involved at least twenty kilograms of cocaine that was known to or reasonably foreseeable by him. (Case No. 3:07cr96, Doc. No. 26: Plea Agmt. ¶ 7a). In fact, the uncontested evidence admitted at Petitioner's sentencing hearing established that he was arrested while transporting a suitcase containing twenty kilograms of cocaine. (Case No. 3:07cr96, Presentence Report ¶ 5-8). The fact that Petitioner agreed to transport such a large amount of cocaine runs contrary to his claim that he was merely a minor participant in the conspiracy. See United States v. Kiulin, 360 F.3d 456, 463 (4th Cir. 2004) (agreeing to transport a "substantial amount" of drugs belies a defendant's claimed status as a minor participant). In light of these facts, had Petitioner's counsel moved for a reduction of offense level pursuant to U.S.S.G. § 3B1.2, the motion would have been denied. Counsel cannot be labeled unreasonable for failing to file a motion that would have been futile, nor can Petitioner demonstrate any resulting prejudice. Thus, Petitioner cannot establish either prong of the Strickland test.

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner cannot establish that he received constitutionally ineffective assistance of counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255

Proceedings requires this Court to dismiss the instant Motion to Vacate.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge